IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

FILED

2026 JAN -5 PM 1: 35

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
              DEPUTY

MICHAEL MOORE and

CHRISTINE HUDDLESTON MOORE,

Plaintiffs, Pro Se,

1:26 CV 00013 ADA

v.

DAVID COBOS,

Former Justice of the Peace,

MARVIN MOORE,

Judge of County Court at Law No. 2,

and

RODNEY SATTERWHITE,

Former Judge of the 441st District Court,

Defendants

1

## SECTION 1 – JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 2201 because Plaintiffs seek declaratory relief regarding state-court judgments that were void ab initio due to the issuing courts' lack of subject-matter jurisdiction. Venue is proper in the Western District of Texas because the property at issue, the operative events, the records, and the parties are located within this District. This action does not seek appellate review of any state-court judgment. Plaintiffs seek only a declaration that certain judicial acts were void from the outset for lack of jurisdiction, which places this matter outside the Rooker–Feldman doctrine.

## SECTION 2 – INTRODUCTION

Plaintiffs bring this action as a husband and wife who have endured nearly a decade of instability, displacement, and harm resulting from judgments that were void from the moment they were signed. Plaintiffs are not attorneys. They are parents who were forced to learn the law because no other remedy was available. They are raising three children, two of whom have special needs, and every fact alleged in this complaint reflects events that directly affected their family.

This action proceeds under settled principles of law recognizing that a judgment entered without subject-matter jurisdiction is void ab initio and without legal effect. See, e.g., In re Lisa Black O'Connor. The two proceedings challenged here were initiated and adjudicated by courts lacking jurisdiction, and each resulted in continuing harm to Plaintiffs.

This Court is the first neutral forum available to Plaintiffs. They seek only declaratory relief: a judicial determination that the 2015 foreclosure and eviction proceedings and the 2024–2025 County Court at Law No. 2 proceedings in Cause No. CV-35685 are void from inception. Plaintiffs do not seek damages in this complaint. They seek only the enforcement of settled jurisdictional limits and an end to the ongoing threat to their home and family.

## SECTION 3 – BACKGROUND FACTS

In late 2015, Plaintiffs were the lawful owners and occupants of their homestead. Without notice, service, posting, mailing, or communication of any kind, Plaintiffs later discovered a document purporting to reflect that District Judge Rodney Satterwhite of the 441st District Court signed a turnover and foreclosure order in Case No. CV-51464 on October 5, 2015. Plaintiffs were never served with any foreclosure pleadings or notices.

The document identifies "Ocwen Loan Servicing, LLC" as the "Mortgagee." Ocwen was merely a loan servicer and was not the lender, noteholder, beneficiary, or assignee. Listing Ocwen as mortgagee constituted a material misrepresentation and rendered the foreclosure unauthorized and void ab initio. A foreclosure initiated by a non-mortgagee is void as a matter of law.

The invalidity of the foreclosure is further confirmed by later federal filings. In removing related actions to federal court, PHH Mortgage Corporation and associated entities produced copies of an IndyMac note and assignment documents while simultaneously denying any ownership interest in the property. These mutually exclusive positions—denying ownership while relying on alleged

3

ownership to justify eviction—confirm that no party possessed standing when the foreclosure or eviction proceedings were initiated.

The Foreclosure Sale Deed dated December 1, 2015 lists Federal National Mortgage Association ("Fannie Mae") as purchaser for $343,802.00. Yet for more than five years thereafter, Fannie Mae repeatedly informed Plaintiffs that it did not own the property. A foreclosure sale cannot be valid where the purported purchaser disclaims ownership. This contradiction destroys the chain of title.

Additionally, approximately twelve (12) feet of the residence is physically located on Plaintiffs' adjoining acreage. Under Texas law, a foreclosure cannot convey improvements situated on land not owned by the foreclosing party. This boundary defect independently renders the foreclosure void.

In January 2016, Plaintiffs received a telephone call from Federal National Mortgage Corporation stating that the home had been purchased at a sheriff's sale for approximately $343,000. Plaintiffs had never been served with foreclosure paperwork and had received no notice of any foreclosure proceeding. At that time, Plaintiffs owed approximately $262,000 on the mortgage.

When Plaintiffs were later served with eviction papers in Case No. E2160017 by Justice of the Peace David Cobos, they had already secured funds sufficient to satisfy and pay off the note in full. In March 2016, Plaintiffs obtained approval to tender payment in the amount of approximately $380,000.00. That tender was expressly refused. On speakerphone, and in Judge Cobos's presence, a representative of Federal National Mortgage stated that it did not want Plaintiffs' money and instead wanted the property. Plaintiffs further advised Judge Cobos that a portion of the residence sat on their adjoining acreage. Although Judge Cobos

4

stated, "They have to take your money," he nevertheless proceeded with the eviction.

Plaintiffs filed three bankruptcy cases in an effort to prevent removal and preserve stability for their special-needs children. After the third bankruptcy expired, a writ of possession issued. On July 7, 2017, a deputy arrived with his firearm visible to ensure Plaintiffs vacated the property.

For years thereafter, Plaintiffs lived in temporary housing, including motels, rentals, and FEMA trailers, while attempting to meet the medical and developmental needs of their children. They remained on their surrounding acreage, which they owned, because it was the only stability available while they continued to contest a judgment that was later discovered to be void.

In 2019, a broker and surveyor attempted to mark a thirty-foot right-of-way across Plaintiffs' land, claiming authorization from federal court. Plaintiffs later learned that the federal order allowed only egress and regress and did not convey any interest in land. Federal court lacks jurisdiction over Texas land title, and no transfer of property occurred.

In December 2022, after studying the governing law, Plaintiffs filed an Affidavit of Title of Possession and a Trespass to Try Title action and peacefully reentered their home. Those documents remain posted at Plaintiffs' gate.

In April 2024, a broker contacted Plaintiffs seeking terms for their departure. Plaintiffs declined and referenced their recorded filings. In May 2024, Plaintiffs received a call from a California number associated with Aldridge Pite. The caller claimed to represent the property owner and asserted that Fannie Mae held title.

5

When Plaintiffs noted that Fannie Mae had denied ownership for years, the call ended. In June 2024, Aldridge Pite filed an eviction action claiming to represent Freedom Mortgage, an entity previously uninvolved with the property.

Subsequent federal filings confirmed that Ocwen Loan Servicing, LLC never held the note, never held title, and never possessed authority to foreclose. After-the-fact assignments and late-produced documents cannot confer subject-matter jurisdiction or cure a void judgment.

## SECTION 4 – HARM TO PLAINTIFFS

The harm inflicted upon Plaintiffs has been severe and enduring. Plaintiffs were raising three children, including special-needs twins, when they were repeatedly displaced from their home. Their credit was destroyed, personal property placed in storage, and essential educational and therapeutic services for their children disrupted.

Despite Plaintiffs' recorded Affidavit of Title of Possession and Trespass to Try Title, Judge Cobos proceeded without jurisdiction, required a bond, and transferred the matter to County Court at Law No. 2 ("CCL2"), a court lacking authority over title disputes.

On August 16, 2024, Plaintiffs received an email stating that CCL2 had ruled against them the prior day for failure to appear, despite the fact that Plaintiffs had never been served. The following morning, the clerk admitted service had not occurred. Judge Dettmer vacated that judgment on August 17, 2024.

6

Nevertheless, Judge Marvin Moore continued the proceedings. He set a hearing without service and proceeded despite Plaintiffs' jurisdictional objections and recorded filings. After consulting directly with opposing counsel, he imposed a $4,000 appeal bond. Plaintiffs' motions to disqualify, dismiss for lack of jurisdiction, and conduct discovery were ignored.

Judge Moore issued a forcible detainer judgment despite the absence of any landlord–tenant relationship and after disqualification had been raised. The 11th Court of Appeals dismissed Plaintiffs' appeal for want of jurisdiction and nevertheless taxed appellate costs.

Plaintiffs later discovered handwritten notes and informal directives in the case file that do not appear on the official docket, including instructions not to set hearings and statements that nothing further could be filed.

When Plaintiffs filed a wrongful-foreclosure action in state district court, they were informed that no Midland judge would hear the case because Plaintiffs had named judicial defendants. The assigned judge recused shortly thereafter. Defendants then removed the case to federal court while admitting they held no ownership interest in the property.

SECTION 5 – BASIS FOR FEDERAL JURISDICTION AND REQUESTED DECLARATION

Plaintiffs seek declaratory relief because no state forum was able to provide an impartial or effective remedy. The same judicial actors who issued, relied upon, or enforced the challenged acts presided over subsequent proceedings arising from those same void judgments, rendering meaningful state-court review unavailable as a practical and jurisdictional matter.

Both the 2015 foreclosure and eviction proceedings and the 2024–2025 proceedings in Cause No. CV-35685 originated in courts that lacked subject-matter jurisdiction. In 2015, Judge Satterwhite and Justice of the Peace Cobos acted without jurisdiction based on a foreclosure initiated by a non-mortgagee and involving a structural boundary defect. In 2024, Justice of the Peace Cobos again acted without jurisdiction, imposed a bond, and transferred the matter into County Court at Law No. 2, a court that likewise lacked authority to adjudicate a dispute involving title.

After Judge Dettmer vacated the August 15, 2024 judgment for lack of service, no valid judgment existed upon which further proceedings could lawfully rest. Nevertheless, Judge Marvin Moore continued the case without service, without jurisdiction, and without adjudicating Plaintiffs' pending motions to disqualify and dismiss. Proceedings conducted in the absence of jurisdiction cannot be cured by continuation or consent.

In addition, Defendants' later removal of related actions to federal court included express representations that they held no ownership interest in the property and no standing to foreclose or evict. Those representations confirm that the prior state proceedings were conducted without a real party in interest and without subject-matter jurisdiction at their inception. Such admissions do not retroactively legitimize void acts; they confirm their nullity.

8

In May 2025, Plaintiffs sought mandamus relief from the Texas Supreme Court challenging the continued enforcement of the County Court at Law No. 2 judgment in Cause No. CV-35685. That petition was dismissed as moot without any adjudication of the underlying jurisdictional defects. As a result, no state court has issued a merits ruling addressing the voidness of the challenged judgments, and the jurisdictional issues presented here remain unresolved.

Plaintiffs therefore seek a declaration that the challenged judgments and orders are void ab initio and without legal force or effect. Because a void judgment is a nullity at all times, this Court may issue declaratory relief without engaging in appellate review of any state-court decision. Plaintiffs further request protection against any further attempt to enforce, revive, or rely upon the void acts while this action is pending.

## SECTION 6 – RELIEF REQUESTED

Plaintiffs respectfully request that the Court enter declaratory judgment that:

• The October 5, 2015 foreclosure order in Case No. CV-51464 is void ab initio;

• The December 1, 2015 foreclosure sale and deed are void;

• The eviction proceedings in JP Case Nos. E2160017 and E2240117 are void;

• The County Court at Law No. 2 judgment in Case No. CV-35685 is void; and

• No after-the-fact, fabricated, or altered evidence may be used to justify or revive any void act.

Plaintiffs reserve all rights to pursue additional civil or constitutional remedies following entry of declaratory relief.

SIGNATURE AND VERIFICATION

Respectfully submitted,

Michael Moore, Pro Se

Christine Huddleston Moore, Pro Se

1001 S. County Road 1060

Midland, Texas 79706

Phone: (432) 889-6361

Email: mike.moore1028@gmail.com

We declare under penalty of perjury that the foregoing is true and correct.

Michael Moore

Christine Huddleston Moore

10